1   Rob Bonta, State Bar No. 202668
    Attorney General of California
2   Marisa Kirschenbauer, State Bar No. 226729
    Supervising Deputy Attorney General
3   Randall D. Zack, State Bar No. 299292
    Cassandra Shryock
4   Deputy Attorneys General
     455 Golden Gate Avenue, Suite 11000
5     San Francisco, CA  94102-7004
      Telephone:  (415) 510-3502
6     Fax:  (415) 703-5843
      E-mail:  Randy.Zack@doj.ca.gov
7   *Attorneys for Defendants*
    *State of California, California Department of*
8   *Corrections and Rehabilitation, G. Newsom,*
    *and J. Macomber*

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12

13

| | |
|---|---|
| **WILLIAM BROWN AND ALL OF US OR NONE,**<br><br>                                    Plaintiffs,<br><br>         **v.**<br><br>**GOVERNOR GAVIN NEWSOM, et al.,**<br><br>                                    Defendants. | 2:24-cv-01281-DJC-CSK<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:           October 3, 2024<br>Time:          1:30 p.m.<br>Courtroom:   10, 13th Floor<br>Judge:         The Honorable Daniel J. Calabretta<br>Trial Date:    Not Set<br>Action Filed: 8/09/2023 |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

Page

3

Introduction ............................................................................................................ 1

4

Argument ............................................................................................................... 1

5

I.     Plaintiffs Cannot Avoid Dismissal By Disclaiming the FAC and
       Relying on the Pre-*Iqbal* Possibility Standard. ................................. 1

6

II.    Plaintiffs Lack Standing. ...................................................................... 2

       A.     AOUON Lacks Standing. .......................................................... 2

7

       B.     Plaintiffs Lack Standing to Seek Injunctive Relief. ................. 4

8

III.   Section 4571 Is Not Unconstitutionally Vague Or Overbroad. .......... 5

9

       A.     Section 4571 Is Not Unconstitutionally Vague ....................... 6

       B.     Section 4571 Is Not Unconstitutionally Overbroad. ............... 8

10

IV.    Section 4571 Is Not an Unreasonable Restriction on Speech. ............ 10

11

V.     The False and Retaliatory Arrest Claims Fail to State a Claim .......... 11

12

       A.     Plaintiffs' Allegations Do Not Satisfy Rule 8 ........................ 11

       B.     Probable Cause Defeats the False and Retaliatory Arrest
              Claims. .................................................................................... 11

13

14

VI.    The State and CDCR Are Not Proper Defendants. ............................. 13

15

VII.   Eleventh Amendment Immunity Applies to Governor Newsom
       Because He Was Not "Fairly Direct[ly]" Responsible for Brown's
       Arrest. ................................................................................................. 14

16

VIII.  It Would Be Futile to Grant Plaintiffs Further Leave to Amend. ....... 15

17

Conclusion ........................................................................................................... 15

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Page**

3

4

**CASES**

5

*Alatraqchi v. City & Cnty. of San Francisco*
PJH, 2001 WL 637429 (N.D. Cal. May 30, 2001) ................................................... 12

6

*Arizona Right to Life Pol. Action Comm. v. Bayless*
320 F.3d 1002 (9th Cir. 2003) ................................................................................. 5

7

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ................................................................................................. 1

8

9

*Awabdy v. City of Adelanto*
368 F.3d 1062 (9th Cir. 2004) ................................................................................. 12

10

*Board of Airport Commissioners of the City of Los Angeles v. Jews for Jesus*
482 U.S. 569 (1987) ................................................................................................. 8

11

12

*Broadrick v. Oklahoma*
413 U.S. 601 (1973) ................................................................................................. 8, 9

13

14

*Brown v. California Dep't of Corr.*
554 F.3d 747 (9th Cir. 2009) ................................................................................... 13

15

16

*California Tchrs. Ass'n v. State Bd. of Educ.*
271 F.3d 1141 (9th Cir. 2001) ................................................................................. 5

17

18

*City of Houston, Tex. v. Hill*
482 U.S. 451 (1987) ................................................................................................. 7, 9

19

20

*Cox v. Louisiana*
379 U.S. 559 (1965) ................................................................................................. 7, 8

21

22

*DSAM Glob. Value Fund v. Altris Software, Inc.*
288 F.3d 385 (9th Cir. 2002) ................................................................................... 15

23

*Food & Drug Admin. v. All. for Hippocratic Med.*
144 S. Ct. 1540 (2024) ............................................................................................ 3

24

25

*Grayned v. City of Rockford*
408 U.S. 104 (1972) ................................................................................................. 6, 7, 8

26

27

*Green v. Miss United States of Am., LLC*
52 F.4th 773 (9th Cir. 2022) ................................................................................... 5

28

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Hague v. C.I.O.*
   307 U.S. 496 (1939) ................................................................................ 10

*Hernandez v. City of Farmersville*
   No. CVF 09-2125 LJO GSA, 2010 WL 761202 (E.D. Cal. Mar. 3, 2010) ................ 11

*Hill v. Colorado*
   530 U.S. 703 (2000) ............................................................................... 7, 8

*Index Newspapers LLC v United States Marshals Serv.*
   977 F.3d 817 (9th Cir. 2020) ..................................................................... 4

*Lee v. City of Los Angeles*
   250 F.3d 668 (9th Cir. 2001) ..................................................................... 2

*Lozman v. City of Rivera Beach*
   585 U.S. 87 (2018) ................................................................................ 13

*Murthy v. Missouri*
   144 S. Ct. 1972 (2024) ............................................................................ 3

*Nieves v. Bartlett*
   587 U.S. 391 (2019) ........................................................................... 12, 13

*O'Brien v. Welty*
   818 F.3d 920 (9th Cir. 2016) ..................................................................... 9

*O'Shea v. Littleton*
   414 U.S. 488 (1974) ................................................................................ 4

*Parker v. Levy*
   417 U.S. 733 (1974) ................................................................................ 6

*People v. Gjersvold*
   230 Cal. App. 4th 746 (2014) ................................................................. 7, 10

*People v. Seale*
   274 Cal. App. 2d 107 (Ct. App. 1969) ..................................................... 6, 7, 8

*Rosenberger v. Rectors of University of Virginia*
   515 U.S. 819 (1995) ............................................................................... 10

*Schneider v. State*
   308 U.S. 147 (1939) ............................................................................... 10

iii

## TABLE OF AUTHORITIES
### (continued)

Page

*Smith v. Pac. Properties & Dev. Corp.*
   358 F.3d 1097 (9th Cir. 2004) ................................................................. 3

*Snoeck v. Brussa*
   153 F.3d 984 (9th Cir. 1998) .................................................................. 14

*U.S. v. Stevens*
   559 U.S. 460 (2010) ............................................................................... 9

*United States v. Grace*
   461 U.S. 171 (1983) ............................................................................ 7, 10

*United States v. Ritchie*
   342 F.3d 903 (9th Cir. 2003) ................................................................... 2

*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*
   455 U.S. 489 (1982) ................................................................................ 6

*Virginia v. Hicks*
   539 U.S. 113 (2003) .......................................................................... 5, 8, 9

*Wallace by & through Robinson v. City of Fresno*
   No. 1:19-CV-1199 AWI SAB, 2019 WL 6170780 (E.D. Cal. Nov. 20, 2019) ................................................................................................... 2

*Will v. Michigan Dep't of State Police*
   491 U.S. 58 (1989) ............................................................................... 13

*Wyres v. Zhang*
   No. 19-CV-2050-TWR (KSC), 2020 WL 6363689 (S.D. Cal. Oct. 29, 2020) ................................................................................................... 2

*Young v. Am. Mini Theatres, Inc.*
   427 U.S. 50 (1976) ................................................................................. 4

*Yuba Cnty. v. Kate Hayes Min. Co.*
   141 Cal. 360 (1903) ............................................................................... 8

STATUTES

United States Code, Title 42
   § 1983 .................................................................................................. 13

Penal Code
   § 4571 ........................................................................................... *passim*
   § 4574 .................................................................................................. 7

iv

## TABLE OF AUTHORITIES
### (continued)

**Page**

**CONSTITUTIONAL PROVISIONS**

California Constitution
    Art 5, § 13.................................................................................................14

U.S. Constitution
    First Amendment....................................................................................*passim*
    Fourth Amendment....................................................................................13
    Eleventh Amendment ..........................................................................13, 14

**COURT RULES**

Federal Rule of Civil Procedure
    Rule 8.......................................................................................................11

**OTHER AUTHORITIES**

*Governor Newsom Quickly Finalizes Agreement to Speed Up Prosecutions*
    *in Alameda County, August 2, 2024*
    *https://www.gov.ca.gov/2024/08/02/governor-newsom-quickly-finalizes-*
    *agreement-to-speed-up-prosecutions-in-alameda-county/* ......................14

*Help Alameda County DA. Here's Why It Collapsed*, KQED, Jul. 22, 2024,
    https://www.kqed.org/news/11996494/newsom-tried-to-send-a-
    prosecutor-to-help-alameda-county-da-heres-why-it-collapsed ...............14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiffs seek only prospective injunction relief to invalidate a state criminal statute—Penal Code Section 4571—on the grounds that it is unconstitutionally vague and overbroad, and an unreasonable time, place, and manner restriction.  Both Plaintiffs lack standing to bring such claims.  And those claims fail as a matter of law.  Contrary to Plaintiffs' repeated assertion, Section 4571 does not regulate speech.  It therefore passes muster under the First Amendment.

Moreover, multiple courts have rejected vagueness challenges to provisions that use "adjacent."  Most significantly, the "adjacent" clause is not even at issue here because Brown went onto the grounds of a state prison, which is explicitly prohibited under Section 4571.  The statute is not overbroad, either, because it regulates non-expressive conduct rather than expressive conduct or speech.

Plaintiff's false and retaliatory arrest claims similarly fail because the FAC affirmatively alleges facts that show officers had probable cause to arrest Brown. The FAC should therefore be dismissed with prejudice.

**ARGUMENT**

I.      **Plaintiffs Cannot Avoid Dismissal By Disclaiming the FAC and Relying on the Pre-*Iqbal* Possibility Standard.**

Citing a handful of pre-*Iqbal-Twombly* cases, Plaintiffs assert that the FAC may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts to support his claim.  (Opp. at 2.)  But, as this Court knows, the "*possibility*" standard used in those cases was thrown out by *Twombly* and *Iqbal*.  (*See* Motion to Dismiss (Mot.) at 5-6 (discussing standard).)  In order to survive dismissal, Plaintiffs must allege facts that, accepted as true, state a *plausible* claim, which requires the "court to draw on its judicial experience and common sense."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Plaintiffs are similarly wrong that they may meet that plausibility standard by disclaiming the documents and photographs attached to the FAC as Exhibit A.  (Opp. at 8.)  When "assessing a motion to dismiss, courts may consider documents attached to

1

the complaint, documents incorporated by reference in the complaint, or matters subject to judicial notice." *Wallace by & through Robinson v. City of Fresno*, No. 1:19-CV-1199 AWI SAB, 2019 WL 6170780, at *1 (E.D. Cal. Nov. 20, 2019); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (same).  Because Exhibit A is attached to the FAC, it is "part of the complaint," *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), and the court "is not required to assume the truth of allegations that contradict matters" in Exhibit A.  *Wyres v. Zhang*, No. 19-CV-2050-TWR (KSC), 2020 WL 6363689, at *3 (S.D. Cal. Oct. 29, 2020) (internal quotation marks omitted).

Defendants properly pointed out that Exhibit A showed the protest occurred not just "adjacent" to, but actually "on the grounds of CMF."  (Mot. at 2 (quoting FAC, Ex. A at 15-16).)[1]  Even setting aside the arrest report (FAC Ex. A at 15-16), the photograph of Brown and the other protestors plainly shows they were standing in CMF's parking lot (FAC, Ex. A at 20).  Tellingly, Plaintiffs neither dispute the authenticity of the photograph nor assert that Defendants' "interpretation" is wrong (*see* Opp. at 8), and nowhere do Plaintiffs allege that the protest occurred only outside of CMF's grounds (*see generally* FAC).  As Defendants showed, Brown's presence on the grounds of CMF independently defeats Plaintiffs' constitutional challenges to Section 4571 and shows the probable cause sufficient to defeat the false and retaliatory arrest claims.  (Mot. at 10-16, 18-20.)

**II.    PLAINTIFFS LACK STANDING.**

**A.    AOUON Lacks Standing.**

Defendants showed that AOUON does not have organizational or associational standing because AOUON has not alleged a concrete and particularized injury to itself or any member (Mot. at 6-7) and could not rely on its sister organization's time spent representing Brown during his criminal proceedings (Mot. at 7 n.6).  Plaintiffs have not shown otherwise.

---

[1] Plaintiffs are mistaken that Defendants misquoted the FAC (*see* Opp. at 8) because Defendants were quoting from Exhibit A.  (*See* Mot. at 2.)

AOUON argues it has first-party organizational standing because Section 4571 frustrates its organizational purpose to fight discrimination against its members, who are people with an arrest or conviction history, and AOUON has spent resources defending Brown and prosecuting this case.  (Opp. at 3-4.)  But AOUON never explains how Section 4571 frustrates that sweeping purpose.  Regardless, the FAC does not allege that AOUON expended any resources on defending Brown; the FAC alleges that AOUON's *sister organization* spent resources doing so.  (FAC ¶ 72.)

Moreover, Plaintiffs ignore the recent Supreme Court case that unequivocally stated an organization "cannot spend its way into standing simply by expending money to . . . advocate against the defendant's action."  *Food & Drug Admin. v. All. for Hippocratic Med.*, 144 S. Ct. 1540, 1564-65 (2024).  So, just as Plaintiffs' own case recognizes, AOUON can also not manufacture standing by "expending resources . . . in this action" (Opp. at 4 (citing *Smith*)) because "the expense of litigation alone . . . is generally insufficient."  *Smith v. Pac. Properties & Dev. Corp.*, 358 F.3d 1097, 1105 (9th Cir. 2004).

AOUON also has not shown it has associational standing.  While appearing to concede the FAC does not allege any individual member of AOUON has been injured, AOUON asserts it need not show the harm is "certainly impending" because its members as a whole have curtailed their protest activities because of Brown's arrest and that chilling effect is a cognizable injury.  (Opp at 5.).  But Plaintiffs' say-so is not enough under the Supreme Court precedent.  In *Murthy v. Missouri*, another case Plaintiffs ignore, the Supreme court rejected a similar "self-censor[ing]" standing argument because "Plaintiffs cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not *certainly impending*."  144 S. Ct. 1972, 1995 (2024) (emphasis added; internal quotation marks omitted); (Mot. at 7 (discussing *Murthy*)).  AOUON does not have standing for the same reason:  The FAC does not allege any AOUON member has ever been arrested under the "rarely" applied Section 4571 or that any member has been rightly or wrongly identified as associated

3

with Black Identity Extremism.  (Mot. at 6-7.)  In addition, Plaintiffs fail to address Defendants' showing that AOUON does not have associational standing because the claim would require evidence about whether its individual members were identified as associated with Black Identity Extremism.  (Mot. at 6-7 n.5.)

Lastly, though Plaintiffs say they are not seeking an advisory opinion, they later confirm that is their goal: Plaintiffs "seek to know what they and others may lawfully do now and in the future."  (Opp. at 6, 8.)  That is not a basis for jurisdiction.  (Mot. at 7.)

### B.   Plaintiffs Lack Standing to Seek Injunctive Relief.

Even assuming an injury in fact, neither Brown nor AOUON has standing to seek injunctive relief because they have not alleged a non-speculative, substantial risk the harm will occur again.  (Mot. at 8.)  As discussed, AOUON and its members have not faced a past harm and offer only speculation that Section 4571 will be used against them *for the first time* in the future.  (*See also* Mot. at 8-9.)  And while Brown has alleged a past injury, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief [ ] if unaccompanied by any continuing, present adverse effects."  *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); (Mot. at 8-9 (collecting cases)).[2]

In response, Plaintiffs cite a handful of cases that, according to Plaintiffs, set a different standard for Plaintiffs' claims.  (Opp. at 6-7.)  Not so.  *Index Newspapers LLC v United States Marshals Serv.* applied the same standard but found standing existed because evidence showed a "sustained pattern of conduct" with dozens of instances of injuries to the press.  977 F.3d 817, 825-27 (9th Cir. 2020).  And the other cases Plaintiffs cite are inapplicable because they involve statutes that, unlike Section 4571, directly implicate the First Amendment.  *Young v. Am. Mini Theatres, Inc.*, 427 U.S. 50, 52 (1976) (no third-party standing for vagueness challenge to statute law that

---

[2] Moreover, because Section 4571 only requires people with prior felonies to obtain permission from the warden, the harm is also speculative because the FAC includes no factual allegations suggesting wardens deny such requests for protests. Plaintiffs should request that permission before seeking invalidation of the entire statute.

4

differentiated between adult and non-adult movies); *Green v. Miss United States of Am., LLC*, 52 F.4th 773, 800-01 (9th Cir. 2022) (discussing constitutional avoidance and a law that compelled speech in Miss America contest); *Arizona Right to Life Pol. Action Comm. v. Bayless*, 320 F.3d 1002, 1005 (9th Cir. 2003) (discussing law that placed restrictions on political statements and advertisements).

Plaintiffs do not have standing to seek injunctive relief and they cannot give themselves standing by unilaterally converting a statute that has nothing to do with speech into one that targets it.

### III.   SECTION 4571 IS NOT UNCONSTITUTIONALLY VAGUE OR OVERBROAD.

Defendants showed Plaintiffs' challenge to Section 4571 failed because it clearly applied to Plaintiffs' conduct, did not target expressive conduct, and, in any event, was neither overbroad nor vague.  (Mot. at 9-16.)  Plaintiffs respond by analogizing Section 4571 to cases addressing statutes that target expressive conduct and by asserting Section 4571 is more sweeping than those statutes because it is silent about what expressive conduct it applies to.  (*See, e.g.*, Opp. at 1, 10, 12-13.)  That novel argument has no basis in the law and runs counter to the well-trodden distinction between statutes that target expressive conduct and statutes that do not.  *See Virginia v. Hicks*, 539 U.S. 113, 124 (2003) (overbreadth challenge will "rarely" succeed against law that does not target speech as opposed to one that does or to conduct necessarily associated with speech"); *California Tchrs. Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1149 (9th Cir. 2001) ("[i]n the First Amendment context, facial vagueness challenges are appropriate if the statute clearly implicates free speech rights.").  Plaintiffs' argument, if adopted, would turn every statute into one that implicates the First Amendment.[3]

Plaintiffs' other responses also fail to show Section 4571 is unconstitutional.

---

[3] The FAC made an as-applied challenge to Section 4571's "adjacent" clause and a facial challenge to another clause in Section 4571—"where prisoners of the state prison are located under custody of prison officials."  (Mot. at 12-13, 15-16.)  Plaintiffs' Opposition does not contest that those challenges fail.  (*See generally* Opp.)

1

### A.     Section 4571 Is Not Unconstitutionally Vague.

Plaintiffs first fault Defendants for "focusing primarily on Plaintiff King's experience on July 1[5], 2021"—the date of the protest—because "Plaintiffs' overbreadth and vagueness claims allege facial invalidity of" Section 4571."  (Opp. at 8; FAC ¶ 24.)  But Defendants "focused" on the same thing the law does:  A plaintiff "to whose conduct a statute clearly applies may not successfully challenge it for vagueness," *Parker v. Levy*, 417 U.S. 733, 756 (1974), and may not "complain of the vagueness of the law as applied to the conduct of others."  *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494-95 (1982).  Exhibit A to the FAC shows (and says) that Brown was actually "on the grounds of CMF," which is clearly prohibited by Section 4571.  (FAC, Ex. A at 16, 23.)  Section 4571's "adjacent" clause also plainly applies to their protest later in the day that occurred next to CMF's security fence.  (Mot. at 11.)  So, Plaintiffs "may not successfully challenge it for vagueness."  *Parker*, 417 U.S. at 756.  For the same reason, Plaintiffs' reliance on hypotheticals fails.  (Mot. at 12-13.)

Next, Plaintiffs admit that "adjacent" means "situated near or next" to, but nevertheless claim that "does not provide clarity" because "near enough cannot be specified in general and is unsettled by the context of Section 4571."  (Opp. at 9-10.)  In support, Plaintiffs use more hypotheticals—this time of the astronomical variety—to claim "near" might mean nanometers for wavelengths or millions of kilometers for asteroids.  (Opp. at 9 n.2.)  But Section 4571 does not apply to wavelengths or asteroids; it applies to people and places on Earth.  In that context, courts have had no trouble concluding "adjacent" and "near" are not vague.  (*See* Mot. at 12 (discussing *Grayned* and *Seale*).)

Plaintiffs claim Section 4571 is unlike the "adjacent" statute in *Grayned* because that statute's purpose of preventing interference with school functioning provided the necessary clarity.[4]  (Opp. at 10.)  But *Grayned* applied that reasoning to uphold the

---

[4] Plaintiffs also say Section 4571 is more like the picketing ordinance struck down in *Grayned*. (Opp. at 10.)  But that assertion relies on Plaintiffs' misunderstanding of the

(continued…)

phrase "tends to disturb," not the word "adjacent." *Grayned v. City of Rockford*, 408 U.S. 104, 110-11 (1972).  The Supreme Court upheld "adjacent" because it was a "sufficiently fixed place." *Id.* (relying on conclusion in *Cox v. Louisiana*, 379 U.S. 559, 568-56 (1965), that "'near' the courthouse [was] not impermissibly vague").  Regardless, Plaintiffs ignore that Section 4571 does have a purpose; it furthers the warden's ability to protect the "safety and order of the jail." *People v. Gjersvold*, 230 Cal. App. 4th 746, 751 (2014).

Plaintiffs also assert that Section 4571 is not like its sister statute, Section 4574, because that section's inclusion of firearms and explosives clarifies its use of "adjacent."[5]  (Opp. at 10.)  But like Plaintiffs' misfire about *Grayned*, the *Seale* court did not rely on that reasoning to reject the vagueness challenge to "adjacent." *People v. Seale*, 274 Cal. App. 2d 107, 115 (Ct. App. 1969).  Instead, like in *Grayned* and *Cox*, *Seale* rejected the vagueness challenge to "adjacent" based only on its definition: "near or close." *Id.*

Plaintiffs also suggest that Section 4571 must be unconstitutional because it does not include a scienter requirement.  (Opp at 9 n.1.)  But statutes that lack scienter elements are not per se unconstitutional and *Seale* did not rely on (or even mention) Section 4574's scienter element to find "adjacent" provided the "required [ ] reasonable certainty." *Seale*, 274 Cal. App. 2d at 114-15.  In any event, Brown must have known he was adjacent to CMF because he was standing "on the grounds of CMF" and next to its sign.  (Mot. at 2-4.)

Lastly, Plaintiffs' reliance on *Hill* is misplaced.  (Opp. at 11.)  There, petitioners challenged three phrases in a regulation that restricted *expressive* conduct within 100 feet of an abortion clinic:  "the meaning of 'protest, education, or counseling;' [a] [ ] 'consent' requirement; and the determination whether one is 'approaching' within eight

---

distinction between statutes that target expressive activity and those that do not.  The same goes for Plaintiffs' reliance on *United States v. Grace*, 461 U.S. 171, 172-73, 73 n.1 (1983), which addressed a statute prohibiting specific expressive conduct.

[5] In any event, Plaintiffs omit that Section 4574 includes not just "firearms" and "explosives" but also "deadly weapons." *Seale*, 274 Cal. App. 2d at 110 n.1.  It is hard to see how those terms clarify "adjacent," as "deadly weapon" encompasses both a gun used a mile away and a knife that is only effective from a much shorter distance.

feet of another."  *Hill v. Colorado*, 530 U.S. 703, 732 (2000).  Setting aside that, unlike Section 4571, the regulation targets expressive conduct, none of those challenged terms are analogous to the "adjacent."  Likewise, *Hill*'s approval of a statute that used feet-based restrictions does not show that anything else is unconstitutionally vague (*contra* Opp. at 11), especially in light of *Grayned*, *Cox*, and *Seale*.[6]

Further, *Hill confirms* that the Court should reject Plaintiffs' "hypertechnical theories as to what the statute covers" and "hypothetical cases" about the "meaning of [ ] terms" because "it is clear what [Section 4571] as a whole prohibits."  *Hill*, 530 U.S. at 733; (Mot. at 13).  Section 4571 prohibits people with prior felonies from entering or being near a California prison without permission.  As the previously assigned judge concluded, "the statute is valid in the vast majority of its intended applications." (Addendum at 7-8, 21); *Hill*, 530 U.S. at 733; (*see* Mot. at 13).  Plaintiffs' bare assertion to the contrary (Opp. at 10:24-25) does not require a different result.

**B.    Section 4571 Is Not Unconstitutionally Overbroad.**

Defendants demonstrated that Section 4571 is also not overbroad because it does not implicate the First Amendment and it does "not specifically address[ ] [ ] speech or conduct necessarily associated with speech."  *Hicks*, 539 U.S. at 124; (*see* Mot. at 14-15 (discussing and collecting cases)).  Defendants also showed the overbreadth challenge failed because Section 4571 does not punish a substantial amount of protected speech relative to its plainly legitimate reach.  (Mot. at 15-16.)

Plaintiffs first respond by citing a trio of cases involving laws that target expressive conduct.  (Opp. at 12-13.)  In *Board of Airport Commissioners of the City of Los Angeles v. Jews for Jesus*, the Court struck down as overbroad a law that banned, by its own text, any "First Amendment activities by any individual and/or entity" at the Los Angeles airport.  482 U.S. 569, 570-71, 577 (1987).  In *Broadrick v. Oklahoma*, the Court upheld a law that restricted state employees from engaging in "a broad range of political

_____
    [6] Though Plaintiffs point to *Yuba Cnty. v. Kate Hayes Min. Co.*, 141 Cal. 360, 362, 74 P. 1049 (1903), it does not address vagueness at all.

1   activities and conduct," including "soliciting contributions" and "taking an active part in

2   partisan political rallies or meetings."  413 U.S. 601, 603-04, 616-18 (1973).  In *City of*

3   *Houston, Tex. v. Hill*, the Supreme Court struck down as overbroad an ordinance that

4   prohibited "verbal interruptions of police officers."  482 U.S. 451, 461 (1987) (noting that

5   the petitioner conceded the non-verbal parts of the statute were unenforceable due to

6   preemption).  And Plaintiffs cite to *United States v. Stevens*, where the Supreme Court

7   struck down a statute that prohibited "'any . . . *depiction'* in which 'a living animal is

8   intentionally maimed, mutilated, tortured, wounded, or killed."  559 U.S. 460, 474

9   (emphasis added; ellipses in original) (2010).  But those cases about restrictions on

10  expressive conduct are not similar to Section 4571, which does not target speech.

11      Those cases do, however, show why overbreadth challenges to statutes like

12  Section 4571 that do not target expressive conduct rarely succeed.  *Hicks*, 539 U.S. at

13  124; (Mot. at 14).  Because those statutes target expressive conduct, every application

14  implicates questions about whether the expressive conduct is or is not protected by the

15  First Amendment.  So it is far more likely that "a substantial number of [those statutes']

16  applications are unconstitutional, judged in relation to [their] plainly legitimate sweep."

17  *U.S. v. Stevens*, 559 U.S. 460, 473 (2010).  Conversely, because Section 4571 prohibits

18  conduct not necessarily associated with expression, it "appl[ies] to *all persons* who enter"

19  or are near a jail or prison and therefore mainly reaches those "not engaged in

20  constitutionally protected conduct—a group that would seemingly far outnumber First

21  Amendment speakers."  *Hicks*, 539 U.S. at 123; (*see* Mot. at 14-15).[7]

22      In response, Plaintiffs assert "the legitimate reach of the adjacency clause is

23  minimal" because "other laws such as traffic rules, prohibitions on disorderly conduct . . .

24  _____

25      [7] Plaintiffs challenge Defendants' reliance on the Supreme Court's decision in
    *Hicks* because it relied on the factual record developed in the lower court. (Opp. at 18.)
26  But no per se rule exists against dismissing overbreadth challenges at the pleading
    stage and courts frequently do so. *See, e.g.,* O'Brien v. Welty, 818 F.3d 920, 924, 929-
27  30 (9th Cir. 2016) (affirming dismissal of overbreadth at pleading stage).  That is
    appropriate here because the FAC contains no factual allegations suggesting Section
28  4571 applies to protected First Amendment conduct in a "substantial" number of
    instances relative to its plainly legitimate sweep.

9

1   already regulate conduct in areas with the putative zone of adjacency."  (Opp at 13-14.)

2   But Plaintiffs provide no legal authority for the unsupported claim that a law's legitimate

3   scope is limited by any overlap with other proscriptions.  And Plaintiffs fail to

4   acknowledge that those general laws may not prohibit the same conduct as Section

5   4571, which applies to people with prior felony convictions.  Similarly, nothing supports

6   Plaintiffs' assertion that "[t]he primary application of Section 4571 [ ] is to prohibit

7   peaceful demonstrations."  (Opp. at 14.)  As Defendants showed, cases addressing

8   Section 4571 do not concern expressive conduct, and the Ninth Circuit has endorsed

9   considering those prior cases to determine whether the statute is overbroad.  (Mot. at 15,

10  15 n.8.)  Plaintiffs offer nothing but hypotheticals in response. (Opp. at 14.)

11          Section 4571 is not unconstitutionally overbroad.  It does not implicate any First

12  Amendment protected conduct.  And its application does not prohibit a substantial

13  amount of speech, compared to its many legitimate applications that do not involve

14  speech.  (Mot. at 14-16.)

15  **IV.    SECTION 4571 IS NOT AN UNREASONABLE RESTRICTION ON SPEECH.**

16          Defendants showed that Section 4571 is not an unconstitutional time, place, and

17  manner restriction because it does not regulate speech at all; the legislature enacted it to

18  protect the safety and order of prison and jails, and it leaves open ample alternative

19  channels for communications.  (Mot. at 16-17.)  Plaintiffs respond by again citing cases

20  addressing statutes that *target* expressive conduct[8] and asserting Section 4571 is not

21  legitimately aimed at ensuring the safety and order of prisons and jails.  (Opp. at 15-17.)

22  That does not show that Section 4571 is an unreasonable time, place, and manner

23  restriction.  And Plaintiffs do not cite any case supporting their belief that a statute that

24  does not regulate speech at all is an unconstitutional time, place, and manner restriction.

25

26          [8] *See Grace*, 461 U.S. at 172-73, 73 n.1; *Hague v. C.I.O.*, 307 U.S. 496, 515

27  (1939) (law prohibiting speakers on certain topics and distribution of written materials),
    *Schneider v. State*, 308 U.S. 147 (1939) (law about canvasing without a permit and
    distributing written materials), *Rosenberger v. Rectors of University of Virginia,* 515 U.S.

28  819 (1995) (addressing denial of funds to Christian newspaper student organization).

1    Further, that Plaintiffs disagree with the purpose of the statute does not mean it was not

2    enacted to protect "the safety and order of the jail."  *Gjersvold,* 230 Cal. App. 4th at 751

3    **V.    THE FALSE AND RETALIATORY ARREST CLAIMS FAIL TO STATE A CLAIM.**

4         Defendants showed that Plaintiffs' claims for false and retaliatory arrest failed

5    because Plaintiffs' allegations about the named Defendants failed to satisfy Rule 8,

6    probable cause and certainly reasonable suspicion supported Brown's arrest, and Brown

7    was arrested for his non-expressive conduct, not for any First Amendment protected

8    activity.  (Mot. at 19-20.)  Plaintiffs' responses fail to persuade.

9         **A.    Plaintiffs' Allegations Do Not Satisfy Rule 8.**

10        Plaintiffs argue that the FAC satisfies Rule 8 because it alleges "an official policy,

11   written or unwritten, [ ] within CDCR-ISU to target . . . black identity extremists" and that

12   was why Brown was arrested.  (Opp. at 17.)  But that is unresponsive to Defendants'

13   showing that the FAC fails Rule 8 because it "lump[s]" Defendants together "without

14   attributing separate acts, wrongs or omissions to each of them respectively."  *Hernandez*

15   *v. City of Farmersville*, No. CVF 09-2125 LJO GSA, 2010 WL 761202, at *5 (E.D. Cal.

16   Mar. 3, 2010); Mot. at 17-18 (collecting cases).  The FAC includes no allegations about

17   how the named defendants—the State of California, CDCR, Governor Newsom, and

18   Secretary Macomber—were involved in or proximately caused Brown's arrest.  For

19   example, there are no allegations that Governor Newsom knew of, much less ratified or

20   directed, Brown's arrest or the purported written or unwritten policy.  The same goes for

21   each of the other Defendants.  Moreover, the chain of "information and belief" allegations

22   (FAC ¶¶ 34-60) do not plausibly implicate the named Defendants or support Plaintiffs'

23   assertion Defendants "are responsible for the creation and maintenance of the"

24   purported policy.  (Opp. at 18.)

25        Plaintiffs' failure to satisfy Rule 8 independently supports dismissal.

26        **B.    Probable Cause Defeats the False and Retaliatory Arrest Claims.**

27        Next, Plaintiffs argue "probable cause" for Brown's arrest does not defeat the false

28   and retaliatory arrest claims because the state court judge made no factual findings,

---

11

1   those findings are not entitled to deference, and Plaintiffs have pled an exception to

2   *Nieves*'s probable cause rule.  (Opp. at 19.)  Those arguments fail.

3       To begin, Plaintiffs do not dispute that because Brown was a parolee, the arresting

4   officers could arrest Brown based on a reasonable belief (not just probable cause) that

5   he had violated his conditions of parole, including by failing to obey all laws.  (Mot. at 18

6   (discussing *Rabb* and legal standard).)  Nor do Plaintiffs dispute that "probable cause

7   depends on the objective facts and circumstances of the arrest; the subjective intent of

8   the arresting officer is irrelevant."  *Alatraqchi v. City & Cnty. of San Francisco*, PJH, 2001

9   WL 637429, at *2 (N.D. Cal. May 30, 2001); (Mot. at 18-19).

10      Here, the objective facts, *as pled in the FAC*, show Brown committed a prior felony

11  and, without the warden's permission was "on the grounds of CMF" and then directly in

12  front of CMF's sign and security fence.  (*See* Mot. at 2-4.)  That conduct violated Section

13  4571, provided the requisite reasonable suspicion or probable cause, and necessarily

14  defeats Plaintiffs' claims.  Accordingly, Plaintiffs' quibbles about the preclusive effect of

15  the state court judge's finding of probable cause are irrelevant.  (Opp. at 18-19.)[9]

16  Indeed, Defendants never argued that the state court's probable cause finding was

17  preclusive or required deference; rather, the finding is a further alleged fact showing

18  probable cause supported Brown's arrest.  (Mot. at 18.)  In short, the alleged facts show

19  officers had probable cause (and certainly reasonable suspicion) to arrest Brown based

20  on his non-expressive *conduct* (*contra* Opp. at 19-20), so Plaintiffs' allegations about

21  "the subjective intent of the arresting officers [are] irrelevant."  *Alatraqchi*, 2001 WL

22  637429, at *2; *Nieves v. Bartlett*, 587 U.S. 391, 403 (2019) (same).

23      Next, Plaintiffs are also wrong that their allegations satisfy *Nieves*'s "narrow"

24  exception to the probable cause rule.  (Opp at 19.)  As discussed, that exception applies

25          [9] Plaintiffs' reliance on *Awabdy v. City of Adelanto* is misplaced for another
26  reason, too.  368 F.3d 1062 (9th Cir. 2004).  There, the plaintiff brought a malicious
    prosecution claim, not one for false or retaliatory arrest, against members of the
    Adelanto City Council for forming a conspiracy to remove the plaintiff from office by
27  making knowingly false accusations to cause the district attorney to charge plaintiff with
    embezzling public funds.  *Id.* at 1065-66.  Unlike here, those allegations did not
28  affirmatively establish that probable cause supported the charge.

                                                            12

when a plaintiff shows they were arrested when "otherwise similarly situated individuals engaged in the same sort of speech had not been." *Nieves*, 587 U.S. at 407; (Mot. at 20). The FAC includes no *factual allegations* to support its conclusions that CDCR typically does not refer individuals for prosecution for violating Section 4571 or that "black identity extremists" are prosecuted at a higher rater than others. The FAC does not include any factual allegations about *any* other arrests of anyone, much less people labeled as black identity extremists or non-arrest of others. Nor does it include any allegations about CDCR's practices with respect to *parolees*, like Brown, violating Section 4571. Conclusions are never enough to survive dismissal, and that is especially true for the *Nieves* exception because otherwise the exception would swallow the rule.[10]

The First and Fourth Amendment claims should be dismissed.[11]

## VI.    THE STATE AND CDCR ARE NOT PROPER DEFENDANTS.

The State of California and CDCR are entitled to sovereign immunity under the Eleventh Amendment. U.S. Const. Amend. XI; *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009); (*see* ECF No. 29 at 30 ("Defendants are correct that the Eleventh Amendment bars a suit against the State itself.").) Plaintiffs' argument—that individuals may be sued in their official capacities for prospective injunctive relief (Opp. at 20-22)—is irrelevant to whether the State of California and CDCR are entitled to immunity. (*See* Mot. at 21.)

Even if the Eleventh Amendment did not bar suit against these entities, the State of California and CDCR are also not "persons" who may be sued under Section 1983. *Will*

---

[10] For the same reason, *Lozman v. City of Rivera Beach*, provides no support for Plaintiffs' claims. 585 U.S. 87, 99-100 (2018) (complaint alleged "objective evidence" of retaliation based on "transcript of a closed-door city council meeting"). And *Lozman* did not resemble or present the same causation difficulties underlying *Nieves*'s probable cause rule because the protected conduct occurred months earlier and "bear[ed] little relation to the criminal offense for which the arrest [wa]s made." *Id.* at 100-01.

[11] Plaintiffs misunderstand Defendants' qualified-immunity argument. (Mot. at 19 n.11; Opp. at 20.) That argument showed the *Doe* Defendants who actually made the arrest have qualified immunity because they were entitled to act on a statute that was valid at the time, even if it is later found unconstitutional. (*Id.*)

*v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Plaintiffs do not even respond to this argument.  (*See generally* Opp.)  Thus, the entity Defendants must be dismissed.

**VII.  ELEVENTH AMENDMENT IMMUNITY APPLIES TO GOVERNOR NEWSOM BECAUSE HE WAS NOT "FAIRLY DIRECT[LY]" RESPONSIBLE FOR BROWN'S ARREST.**

Governor Newsom should also be dismissed, because he is not fairly directly responsible for Brown's arrest or for enforcing Section 4571.  At best, Governor Newsom has a generalized duty to enforce Section 4571 (*see* Opp. at 22:27-28), which the Ninth Circuit has held is not sufficient.  *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (citations omitted).

Plaintiffs' explanation of Governor Newsom's connection to Section 4571 shows how attenuated his involvement is.  Plaintiffs do not allege that Governor Newsom was "fairly directly responsible" for Brown's allegedly retaliatory arrest or prosecution; the only allegation in the FAC is that Governor Newsom is the Governor of California.  (FAC at ¶ 16.)  Plaintiffs first contend the Governor exercises "constitutional control" over district attorneys.  (Opp. at 22.)  This is a misreading of the California Constitution.  It is the Attorney General, not the Governor, who has "direct supervision" over every district attorney.  (Cal. Const. art. 5, section 13.)  Moreover, while it is true the Governor can direct the Attorney General to assist any district attorney in the discharge of their duties, Governor Newsom is not alleged to have ever actually done so in connection with a prosecution for violating Section 4571, much less Brown's arrest.[12]  (*See* FAC at ¶ 16.)  The absence of such an allegation illustrates how the Governor's involvement in this

---

[12] That Governor Newsom offered assistance to a county prosecutor to aid in prosecuting violent and drug-related offense—assistance that was initially refused—is of no relevance here.  (*See* Opp. at 23; *see also Governor Newsom Quickly Finalizes Agreement to Speed Up Prosecutions in Alameda County, August 2, 2024* https://www.gov.ca.gov/2024/08/02/governor-newsom-quickly-finalizes-agreement-to-speed-up-prosecutions-in-alameda-county/ (agreement to provide assistance finalized); Annelise Finney, *Newsom Tried to Send a Prosecutor to Help Alameda County DA. Here's Why It Collapsed*, KQED, Jul. 22, 2024, https://www.kqed.org/news/11996494/newsom-tried-to-send-a-prosecutor-to-help-alameda-county-da-heres-why-it-collapsed (DA initially refused assistance).)

14

1  case is based on a generalized duty and not a fairly direct responsibility for Brown's

2  arrest or for enforcing Section 4571.

3      Because the enforcement of the statute at issue was allegedly by CDCR

4  employees and county officials (*see generally* FAC, FAC Ex. A), the claims against

5  Governor Newsom should also be dismissed because he was not fairly directly involved.

6  **VIII.  IT WOULD BE FUTILE TO GRANT PLAINTIFFS FURTHER LEAVE TO AMEND.**

7      Plaintiffs have already been given the opportunity to amend their complaint, but

8  their amended complaint still fails to state a claim.  And Plaintiffs have not proffered any

9  amendment that would cure the deficiencies outlined in Defendants' motion.  (*See* Opp.

10  at 23-24.)  Because amendment would be futile, further leave to amend should be

11  denied.  *DSAM Glob. Value Fund v. Altris Software, Inc.*, 288 F.3d 385, 391 (9th Cir.

12  2002) (dismissal with prejudice proper where plaintiffs fail to offer additional facts).

13                                    **CONCLUSION**

14      Plaintiffs have failed to state any cognizable claims against Defendants, despite an

15  opportunity to amend to cure these defects.  Granting further leave to amend would be

16  futile.  Defendants' motion should be granted, and this case dismissed with prejudice.

17  Dated:  August 5, 2024                    Respectfully submitted,

18                                            ROB BONTA
                                              Attorney General of California
19                                            MARISA KIRSCHENBAUER
                                              Supervising Deputy Attorney General
20                                            CASSANDRA J. SHRYOCK
                                              Deputy Attorney General
21

22                                            */s/ RANDALL D. ZACK*
                                              RANDALL D. ZACK
23                                            Deputy Attorney General
                                              *Attorneys for Defendants*
24                                            *State of California, California*
                                              *Department of Corrections and*
25                                            *Rehabilitation, G. Newsom, and*
                                              *J. Macomber*
26  SF2023401909
    44257147.docx
27

28

                                          15

**CERTIFICATE OF SERVICE**

| Case Name: | **Brown, et al. v. Newsom, et al.** | No. | **2:24-cv-01281-DJC-CSK** |
|---|---|---|---|

I hereby certify that on August 5, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on August 5, 2024, at San Francisco, California.

|  |  |
|---|---|
| L. Santos | */s/ L. Santos* |
| Declarant | Signature |

SF2023401909
44271712.docx